DA 09-0566

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 53N

IN THE MATTER OF:

M.B.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DN 08-12
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Elizabeth Thomas, PLLC, Attorney at Law; Missoula, Montana

     For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General; Helena, Montana

          Lucy W. Darty, Assistant Attorney General, Child Protection Unit;
Missoula, Montana

Submitted on Briefs: March 3, 2010

Decided: March 16, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    On September 1, 2009, the District Court entered an order terminating C.B.'s parental rights to his child M.B., based upon his failure to comply with two court-approved treatment plans.  Over the course of seventeen months, C.B. had conducted himself inconsistently with the treatment plans by using drugs and alcohol, ignoring scheduled visits with M.B., and failing to attend to treatment.  C.B. violated the terms of probation related to his convictions for distributing dangerous drugs, and was sent back to the custody of the Department of Corrections.  On appeal, C.B. argues that the Child and Family Services Division, Department of Health and Human Services, had a duty to amend his treatment plan after his revocation because it no longer took into account the particular problems facing C.B. and M.B., particularly C.B.'s incarceration.  C.B. also alleges that the District Court abused its discretion when it concluded his conduct or condition rendering him unfit was unlikely to change within a reasonable time.

¶3    The district court may terminate parental rights upon a finding supported by clear and convincing evidence that the child is a youth in need of care, and the parent's

2

conduct is unlikely to change in a reasonable time, particularly considering the "physical, mental, and emotional conditions and needs of the child." Section 41-3-609(1)-(3), MCA (2007); *In re C.M.C.*, 2009 MT 153, ¶ 18, 350 Mont. 391, 208 P.3d 809; *In re C.J.K.*, 2005 MT 67, ¶¶ 13-15, 326 Mont. 289, 109 P.3d 232. We review a district court's order terminating parental rights for an abuse of discretion. *In re J.V.*, 2003 MT 68, ¶ 7, 314 Mont. 487, 67 P.3d 242 (citation omitted). The district court has abused its discretion if it acted arbitrarily without employment of conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice. *C.J.K.*, ¶ 13 (citations omitted).

¶4 We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because there is clearly sufficient evidence to support the District Court's findings of fact and that the District Court correctly applied settled Montana law.

¶5 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ MICHAEL E WHEAT